# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| GARY F. REEVES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:13-cv-01026 |
| | ) | |
| RANDY LEE, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL,
DENYING PETITION PURSUANT TO 28 U.S.C. § 2254,
DENYING CERTIFICATE OF APPEALABILITY,
CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court is the petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody (the "Petition") filed by Petitioner, Gary F. Reeves, Tennessee Department of Correction prisoner number 217481, who is currently an inmate at the Northeast Correctional Complex in Mountain City, Tennessee, and his motion for appointment of counsel. (§ Pet., *Reeves v. Lee,* No. 1:13-cv-01026 (W.D. Tenn.), ECF No. 1; Mot. for Appointment of Counsel, *id.*, ECF No. 11.) For the reasons stated below, the Court DENIES both the motion for appointment of counsel and the Petition.

I.      **BACKGROUND**

In an order issued on December 28, 2015, the Court dismissed all of the claims in Reeves's Petition except a portion of claim one, which alleged that the evidence at trial was insufficient to

show that James Morris, the purported victim, was the owner of the stolen property. (Order at PageID 463, 490, ECF No. 9.) The order noted that

> Reeves did not exhaust that portion of Claim 1 arguing that the victim, James Morris, did not own the property in question. Because there is no longer any means to exhaust that subclaim, it ordinarily would be barred by procedural default. In his answer, Respondent did not raise the affirmative defenses of exhaustion and procedural default as to any portion of Claim 1. (*See* Answer at 3, *Reeves v. Lee*, No. 1:13-cv-01026-JDB-egb (W.D. Tenn.), ECF No. 12.)
>
> Federal courts are authorized to raise a habeas petitioner's procedural default *sua sponte*. *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004); *see also Mason v. Brunsman*, 483 F. App'x 122, 129 (6th Cir. 2012) (raising procedural default *sua sponte* on challenge to jury instruction that was presented to state courts solely as a state-law issue), *cert. denied,* 133 S. Ct. 447 (2012). Nonetheless, where, as here, the Court proposes to decide an issue on a ground that was not previously raised, it is appropriate to give the parties a chance to respond. *See Trest v. Cain*, 522 U.S. 87, 92 (1997); *see also Day v. McDonough*, 547 U.S. 198, 209-10 (2006) (authorizing district courts to raise statute of limitations *sua sponte* but requiring that parties be given opportunity to be heard).

(*Id.* at PageID 474-75.) Respondent, Warden Randy Lee, was ordered to file a supplemental answer addressing this aspect of Claim 1 within twenty-eight days. The order directed that "[t]he supplement should address whether the issue was properly exhausted in state court. If Respondent concludes the issue was exhausted or chooses to waive that affirmative defense, the supplement should address the merits of the issue." (*Id.* at PageID 475.) Reeves was instructed to file any reply to the supplemental answer within twenty-eight days of service of the supplement. (*Id.*)

Lee timely filed his supplemental answer on January 25, 2016. (Suppl. Answer, *id.*, ECF No. 10.) Reeves did not submit a reply to the supplemental answer, and the time in which to do so has expired. Instead, on February 29, 2016, the Clerk docketed Petitioner's motion for appointment of counsel. (Mot. for Appointment of Counsel, *id.*, ECF No. 11.)

2

**II.     THE PENDING MOTION**

In his motion for appointment of counsel, Reeves states that the prison in which he has been housed since August 31, 2015, does not contain an adequate law library. (*Id.* at PageID 497.) He asks the Court to appoint counsel "so that appropriate responses be made to the State of Tennessee's 'Respondent's Supplemental Answer To Petition' file[d] January 25, 2016." (*Id.* at PageID 498.)

The Sixth Amendment right to counsel in criminal cases extends to the first appeal as of right. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions, and we decline to so hold today. Our cases establish that the right to appointed counsel extends to the first appeal as of right, and no further."); *Staple v. Lafler*, No. 07-cv-12542, 2010 WL 3341530, at *2 (E.D. Mich. Aug. 24, 2010) ("The constitutional right to counsel in criminal proceedings provided by the Sixth Amendment does not apply to an application for writ of habeas corpus, which is a civil proceeding."). There is no constitutional right to counsel in civil cases, and the Court has broad discretion in determining whether counsel should be appointed. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). "The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require." *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986) (per curiam); *see also* 18 U.S.C. § 3006A(a)(2)(B) (counsel may be appointed for persons seeking relief under § 2254 who are financially eligible whenever the court determines "that the interests of justice so require"). The appointment of counsel is mandatory only when an evidentiary hearing is required. Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts

("§ 2254 Rules") ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.").

> In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors. Where the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel.

*Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (internal citations omitted).

Reeves has not demonstrated that the appointment of counsel would be in the interests of justice. The motion also is not timely. He did not reply to the answer filed in 2013 and did not seek the appointment of counsel at that time. Now, virtually every claim has been dismissed and an evidentiary hearing will not be required on the remaining claim, which presents a purely legal issue. The Court is not persuaded that the remaining claim has sufficient merit to warrant the appointment of counsel. The motion for appointment of counsel is DENIED.

### III.        ANALYSIS OF PETITIONER'S REMAINING CLAIM

The sole issue remaining is the portion of Claim 1 that maintains the evidence was insufficient to permit a jury to conclude that Morris owned the stolen property. In his supplemental answer, Warden Lee asserts that that part of Claim 1 was not presented to the Tennessee Court of Criminal Appeals ("TCCA") and thus, is barred by procedural default. (Suppl. Answer at PageID 491-93, *Reeves v. Lee*, No. 1:13-cv-01026 (W.D. Tenn.), ECF No. 10.) Respondent is correct. In his brief to the TCCA on direct appeal, Reeves argued that (i) the property that was taken was located outside the barn on which the "no trespassing" notice was posted; (ii) it was Sandra Peterson, his co-defendant, who sold the metal for scrap; and (iii) the metal sold for far less than $1,000. (Br. of Appellant at PageID 422-23, *State v. Reeves*, No.

W2009-00583-CCA-R3-CD (Tenn. Crim. App.), ECF No. 7-7.) Petitioner did not question whether Morris owned the stolen items. Because there is no longer any means of exhausting this claim, it is barred by procedural default.[1]

This aspect of Claim 1 is without merit and is DISMISSED. Because every assertion by Petitioner is without merit, the Court DENIES the Petition, which is DISMISSED WITH PREJUDICE. Judgment shall be entered for Respondent.

IV. APPEAL ISSUES

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Bradley v. Birkett*, 156 F. App'x 771, 772 (6th Cir. 2005). The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, § 2254 Rules. A petitioner may not take an

---

[1] Despite taking the position that this aspect of Claim 1 is barred by procedural default, the Warden notes that there is "some authority" to support the view that Reeves's "general sufficiency claim was adequately presented to the state court so as to save his newly asserted factual basis from default." (Suppl. Answer at 3, *Reeves v. Lee*, No. 1:13-cv-01026 (W.D. Tenn.), ECF No. 10.) As support, Lee cites *dicta* from a decision of the Sixth Circuit Court of Appeals in *Jells v. Mitchell*, 538 F.3d 478 (6th Cir. 2008). In context, the Court of Appeals rejected a prisoner's argument that he had not procedurally defaulted portions of his claim under *Brady v. Maryland,* 373 U.S. 83 (1963) because two of the withheld items of information were presented as part of a sufficiency of the evidence claim. *See Jells*, 538 F.3d at 504. If the Warden's reading of *Jells* were correct, the inmate would have adequately exhausted these portions of his *Brady* claim by bringing such a claim and a sufficiency of the evidence claim that addressed the two additional pieces of evidence that he insists were not produced.

*Jells* relies on the Supreme Court's decision in *Picard v. Connor*, 404 U.S. 270 (1971), which held that a prisoner had not properly exhausted a claim when the issue was addressed only because a federal appellate court had "injected it" *sua sponte*. *Id.* In a subsequent decision, the Supreme Court noted that, "[i]n *Picard* . . ., we held that, for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1982). Nothing in *Picard* supports the proposition that a prisoner can "fairly present" his claim by making factual allegations to the federal courts that were not before the state courts.

5

appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal quotation marks omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed, *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011); however, courts should not issue a COA as a matter of course. *Bradley*, 156 F. App'x at 773.

In this case, there can be no question that the Petition is meritless for the reasons previously stated in this order and the one issued on December 28, 2015. Because any appeal by Reeves on the issues raised in the Petition does not deserve attention, the Court DENIES a COA.

Rule 24(a)(1) of the Federal Rules of Appellate Procedure provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5). In this case, for the same reasons it denies a COA, the Court determines that any appeal would not be taken in good

faith. It is therefore CERTIFIED, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal *in forma pauperis* is DENIED.[2]

IT IS SO ORDERED this 8th day of March 2016.

        s/ J. DANIEL BREEN
        CHIEF UNITED STATES DISTRICT JUDGE

---

[2] If Petitioner files a notice of appeal, he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).